# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KEVIN T. KING,

      :

    Petitioner,                             Case No. 3:05-cv-433

      :                  District Judge Walter Herbert Rice

    -vs-                                     Chief Magistrate Judge Michael R. Merz

STATE OF OHIO,

      :

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's "Opposition to Magistrate's R&R", docketed as objections to the Report and Recommendations (Doc. No. 9). The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

In the original Report and Recommendations, the Magistrate Judge recommended that all four Grounds for Relief be dismissed with prejudice as barred by procedural default. Petitioner had not made any argument about the alleged defaults in responding to the Answer. The original Report reads on this point:

> It is clear from the written opinions of the Court of Appeals that they enforced against Petitioner the rules requiring (1) that an application for reopening under Ohio App. R. 26(B) be supported by a sworn affidavit of the facts supporting the claim and (2) that applications for reopening be filed within ninety days of judgment. The affidavit requirement is independent of federal law and serves the valid state interest of requiring a defendant to stand behind his claims with his own credibility. The timely filing requirement of Rule 26(B) has

>been upheld as an adequate and independent state ground for decision. *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002). The 45-day time limit on appeal to Ohio Supreme Court is also an adequate and independent state ground of decision. *Bonilla v. Hurley,* 370 F. 3d 494 (6th Cir. 2004).

Petitioner now asserts that the Ohio Supreme Court did not clearly and expressly base its judgment on Petitioner's procedural default in that that court filed a simple denial of appeal entry in a form that is customary for the Ohio Supreme Court. However, the Court of Appeals was very clear that its decision was based on procedural defaults (Answer, Exhibits 14 and 17). Where there has been one reasoned state court judgment rejecting a federal claim, there is a rebuttable presumption that later unexplained orders upholding the judgment or rejecting the same claim rest on the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 111 S. Ct. 2590, 115 L. Ed. 2d 706, 716 (1991). The district court must look at the last state court disposition providing reasons for the decision. *Couch v. Jabe,* 951 F. 2d 94, 96 (6th Cir. 1991). Federal courts are not to assume that state courts do not observe their own procedural bars, but instead must assume that state courts enforce those bars. *Simpson v. Sparkman*, 94 F. 3d 199 (6th Cir. 1996) at 203, citing *Tower v. Phillips,* 7 F. 3d 206, 211 (11th Cir. 1993).

Since the Ohio Court of Appeals gave reasoned decisions for application of procedural default, this Court must assume that the Ohio Supreme Court agreed with that reasoning and enforced the defaults. Accordingly, the Petition should be dismissed as procedurally barred and Petitioner should be denied leave to appeal *in forma pauperis* and a certificate of appealability.

May 25, 2006.

                                                    s/ Michael R. Merz
                                        Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).